IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIA E. OETTING,

    Petitioner,                    No. CIV S-04-1180 MCE KJM P

    vs.

GLORIA HENRY, Warden,

    Respondent.                  <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus, challenging her El Dorado County convictions for attempted murder and arson. Respondent has filed a motion to dismiss the petition, alleging it was filed outside the AEDPA statute of limitations.

I. <u>Background</u>

        Petitioner was sentenced in September 1998, appealed her conviction to the California Court of Appeal, and then sought review in the California Supreme Court when the appeal was unsuccessful. Motion To Dismiss (MTD), Exs. A (Abstract of Judgment), B, C (Court of Appeal opinion, Petition For Review). That court denied review on August 22, 2001. MTD, Ex. D.

/////

1

Petitioner began seeking collateral review with a petition filed April 5, 2002 in El Dorado County Superior Court; the petition was denied ten days later. MTD, Exs. E, F (Petition and Order Denying Petition). On July 15, petitioner filed a petition in the Court of Appeal, which denied it on August 8, 2002. MTD, Exs. G, H (Petition and Order). She returned to the Superior Court on August 9, 2002; that petition was denied on August 20, 2002. MTD, Exs I, J (Petition and Order). She filed a fourth petition in the California Supreme Court on December 26, 2002, and a fifth, also in the Supreme Court, on January 10, 2003. MTD, Exs. K, M (Petitions). These were denied on June 11, 2003 and July 16, 2003, respectively. MTD, Exs. L, N (Orders).[1]

The instant petition was filed May 20, 2004.

II. Analysis

    A. The Statute Of Limitations

One of the changes the AEDPA made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] In her opposition, petitioner explains that she intended to file one petition with the Supreme Court, but the envelopes of the original and the required number of copies were mailed separately and the court treated them as different actions. Opp'n at 1.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The "conclusion of direct review" is not the denial of review by the California Supreme Court, but ninety days thereafter, upon the expiration of the time in which to file a petition for a writ of certiorari in the United States Supreme Court. Tillema v. Long, 253 F.3d 494, 498 (9th Cir. 2001); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). In this case, the ninety day period expired on November 20, 2001. The AEDPA statute of limitations began running the next day, November 21, 2001, and would have expired November 21, 2002, absent any tolling.

The statute of limitations is tolled during the pendency of any "properly filed" state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). In Carey v. Saffold, 536 U.S. 214, 218-21 (2002), the Supreme Court held that the AEDPA statute of limitations is tolled not only between the actual filing and decision on a writ, but also during those periods between filings as a petitioner works his or her way "up the ladder" through higher courts to complete "one full round" of state court review of claims. Id. at 217, 219-20.

Respondent argues that petitioner is not entitled to any tolling of the time between denial of the petition in the Court of Appeal and the second Superior Court petition, or between denial of the fourth Supreme Court petition and filing of the fifth, because petitioner was not working her way from lower to higher courts. MTD at 4-5. In a case decided after the filing of respondent's motion, the Ninth Circuit has taken a somewhat broader view of tolling even when a prisoner is not moving in a straight line from Superior Court to the Supreme Court, where, as here, the intervals between state filings are not unduly long and the claims in separate petitions

1 are overlapping. Gaston v. Palmer, 387 F.3d 1004, 1017-19 (9th Cir. 2004) (habeas action may be "pending" even during a series of intervals between "non-ascending" petitions).

Ultimately, however, the court need not reach the application of Gaston to this case, for even if all the time between the first El Dorado County petition and the last Supreme Court petition is deemed tolled the instant action is not timely.

Petitioner filed her first state collateral attack on April 5, 2002, day 136 of the AEDPA year. The statute of limitations was tolled until July 17, 2003, the day after the denial of the last petition on July 16, 2003. Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time). Accordingly, the federal petition was due 229 days later, on March 1, 2004. The petition, filed May 20, 2004, is not timely.

B. Equitable Tolling

The Ninth Circuit has held:

> We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.

Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations and citations omitted). It is a habeas petitioner's burden to establish his entitlement to equitable tolling. Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002).

Petitioner argues she is entitled to equitable tolling because her cataracts make reading difficult and she had no one to assist her with her research. Reply at 3.

Neither an inmate's ignorance of the law nor pro se status are the sort of extraordinary events upon which a finding of equitable tolling may be based. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001) (ignorance of the law); Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002). In this case, petitioner's difficulties in conducting her own research do not support a finding of equitable tolling.

Petitioner also claims her cataracts make reading and researching difficult.  In this case, however, it appears that petitioner was able to undertake research in support of her state habeas petition.  See, e.g., MTD, Ex. E at 3 (initial state petition).  The instant petition does not include any citations to authority or develop the arguments in any manner different than her original presentation in state court.  Accordingly, this court cannot find petitioner's cataracts had an impact on her ability to timely file this action.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 24, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2/oett1180.157